Case 4:21-cv-03440 Document 1-3 Filed on 10/19/21 in TXSD Page 1 of 5

9/8/2021 8:15 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 57029110
By: Maria Rodriguez
Filed: 9/8/2021 8:15 AM

2021-57400 / Court: 234

CAUSE NO.: _____

| | | |
|---|---|---|
| SHALAYA WATSON, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HYUNDAI MOTOR AMERICA, | § | |
| | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, & RULE 193.7 NOTICE

COMES NOW Shalaya Watson and files Plaintiff's Original Petition, Jury Demand, and Rule 193.7 Notice complaining of Defendant, Hyundai Motor America. Plaintiff shows the Court as follows:

### I. DISCOVERY CONTROL PLAN

1.1 The damages in this case are under $75,000.00. Therefore, pursuant to Texas Rule of Civil Procedure 190.3, Plaintiff intends to conduct discovery in this case under a Level 2 Discovery Control Plan.

### II. PARTIES

2.1 Plaintiff, Shalaya Watson, is a Texas resident, citizen of Fort Bend County, Texas.

2.2 Defendant, Hyundai Motor America, is a company authorized to do business in the State of Texas and can be served through its registered agent: National Registered Agents, Inc., 1999 Bryan St., Suite 900, Dallas, Texas 75201.

### III. JURISDICTION & VENUE

3.1 The Court has jurisdiction over this case because the damages to Plaintiff are within the Court's jurisdictional limits. The Plaintiff seeks only monetary relief within jurisdictional limits of the Court, including damages of any kind, penalties, costs, expenses, pre-judgment

Exhibit B

interest, and attorney's fees.

3.2     All, or a substantial part, of the events or omissions giving rise to this lawsuit occurred in Harris County, Texas. Venue is therefore proper consistent with sections 15.001 and 15.002(a)(1) of the Texas Civil Practice & Remedies Code.

3.3     Plaintiff has satisfied all conditions precedent to the filing of this suit.

3.4     Nothing that Plaintiff did or did not do either caused or contributed to the occurrence giving rise to this lawsuit.

## IV. FACTS

4.1     On or about September 17, 2019, Plaintiff was involved in a motor vehicle collision in Harris County, Texas near the 19500 block of Park Row Drive. The collision occurred through no fault of Plaintiff's own when the other driver failed to yield the right of way and crashed into her car while trying to turn through an intersection and into a private drive. As a result of the collision, Plaintiff sustained serious and debilitating injuries when the seatbelt of her vehicle failed. Defendant manufactured the vehicle Plaintiff was driving, a 2015 Hyundai Sonata.

## V. COUNT 1 - NEGLIGENCE

5.1     Plaintiff incorporates by reference all other paragraphs of this petition as if fully set forth herein.

5.2     At all times relevant to this action, Defendant had a duty to exercise reasonable care, and to comply with the existing standards of care, in their design, research, development, manufacture, and inspection of the seatbelts in its vehicles including a duty to ensure that users would not suffer from unreasonable, dangerous or malfunctioning parts.

5.3     At all times relevant to this action, Defendant had a duty to warn all customers of any dangers.

5.4    At all times relevant to this action, Defendants knew or reasonably should have known that the seatbelt was unreasonably dangerous and defective when used as directed and as designed.

5.5    Other acts of negligence and/or negligence per se not specifically enumerated above.

## VI. DAMAGES

6.1    As a result of the incident made the basis of this lawsuit described in the preceding paragraphs, and as a direct and proximate result of Defendant's negligence, Plaintiff suffered serious and debilitating injuries in the past and will in all reasonable probability sustain additional damages in the future.

6.2    Plaintiff respectfully prays that the trier-of-fact determine the amount of her damages and losses incurred in the past and the damages and losses she is likely to incur in the future. Upon such determination, Plaintiff further prays that the jury issue a monetary award as compensation for these damages, which should include, but not be limited to, compensation for Plaintiff's:

   a. past, present, and future physical pain;

   b. past, present, and future mental anguish and suffering;

   c. past, present, and future lost wages and lost earning capacity;

   d. past, present, and future physical impairment;

   e. past, present, and future disfigurement;

   f. past, present, and future physical inconvenience;

   g. past, present, and future medical care expenses;

   h. past, present, and future out-of-pocket economic losses; and

      i. punitive and/or exemplary damages as appropriate.

6.3    Because of all of the above and foregoing, Plaintiff has suffered actual damages in excess of the minimum jurisdictional limits of the Court.

6.4    Plaintiff seeks prejudgment and post-judgment interest as allowed by law, all costs of court, and any and all other and additional relief, whether general or special, at law or in equity, to which she may show herself justly entitled.

## VII. EXEMPLARY DAMAGES

7.1    Plaintiff further alleges that Defendant's conduct constituted gross negligence, thus entitling Plaintiff to exemplary damages under Texas Civil Practice and Remedies Code Chapter 41.

## VIII. JURY DEMAND

8.1    Plaintiff hereby requests and respectfully demands a trial by jury as allowed pursuant to Texas Rule of Civil Procedure 216.

## IX. RULE 193.7 NOTICE

9.1    Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against them during any pretrial proceeding and/or at trial without the necessity of authenticating the documents as permitted by Texas Rule of Civil Procedure 193.7.

## CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited in terms of law to appear and answer herein, and that upon final trial and a hearing hereof, Plaintiff recover damages in accordance with the evidence including, but not limited to, prejudgment and

post-judgment interest, costs of court, and any and all other and further relief, whether general or special, at law or in equity, to which Plaintiff may show herself justly entitled.

        Respectfully submitted,

        **LAW OFFICES OF WILLIE D. POWELLS, III AND ASSOCIATES, PLLC**

By: _____
        Willie D. Powells, III
        Texas Bar No.: 24053427
        Daniel K. Dinneen
        Texas Bar No.: 24059684
        One Arena Place
        7322 S.W. Fwy, Suite 2010
        Houston, Texas 77074
        T: (281) 881-2475
        F: (713) 583-3100
        E: willie@williepowellslawfirm.com

**ATTORNEYS FOR PLAINTIFF SHALAYA WATSON**